UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CECILIA CORONA SALUD and PETER JOHNSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, MARK MORGAN, KIRSTEN NIELSEN, JAMES MCHENRY, WILLIAM BARR, RICHARD VALEIKA, JOHN KRAMAR, and MATTHEW ALBENCE,<br><br>    Defendants. | No. 2:19-cv-01321 WBS EFB<br><br>ORDER RE: DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

----oo0oo----

        Plaintiffs Cecilia Corona Salud ("Corona") and her husband, Peter Johnson (collectively, "Plaintiffs"), brought this action against the United States Department of Homeland Security ("DHS"), the Department of Justice ("DOJ"), Immigration and Customs Enforcement ("ICE"), and various governmental officials associated with those agencies (collectively "defendants")

1

following Cecilia's deportation from the United States on June 5, 2019. (Compl. ¶¶ 7-17, 24 (Docket No. 1).) Plaintiffs seek (1) an order compelling defendants to return Corona to the United States to complete her I-130 application process and (2) a preliminary and permanent injunction barring her deportation while her application is pending. (Compl. at 11-12.) Before this court is defendants' motion to dismiss under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Mot. to Dismiss (Docket No. 5).) Plaintiff has filed no opposition to the motion.

I. Facts

Corona is a Mexican national. (DHS Documents at 8 (Docket No. 5-1).) Corona entered the United States on a valid visa in 1980 at the age of twelve. (Compl. ¶ 18.) She became a lawful permanent resident on May 31, 1990. (DHS Documents at 4.) On September 16, 1996, Corona was convicted of possession for sale of a controlled substance in violation of California Health and Safety Code § 11351.5. (Id.) In October 1996, the Immigration Judge ("IJ") terminated deportation proceedings. (Id. at 7.) The government appealed the termination to the Board of Immigration Appeals ("BIA"), and the BIA remanded the case to the IJ in 2002. (Id. at 5.) The IJ ordered Corona removed in 2005, pretermitting her application for relief under 8 U.S.C. § 212(c).[1] (Id. at 2.) The BIA affirmed the Immigration Judge's

---

[1] Section 212 of the Immigration and Nationality Act of 1952 permitted the Attorney General broad discretion to admit otherwise excludable aliens (including those convicted of offenses involving moral turpitude or drug trafficking) into the

2

order of removal in 2007. (Id. at 20.) Corona filed a petition for review of the BIA's decision with the Ninth Circuit in 2010. The Ninth Circuit dismissed the petition in part and denied the petition in part, allowing the BIA's determination to stand. Corona Duarte v. Holder, No. 07-71327, 373 F. App'x 675 (9th Cir. Apr. 1, 2010). With that dismissal, Corona's order of removal became final, and Corona's attempt to reopen the order was denied in March 2019. (Mot. at 3.)

Corona married United States citizen Peter Johnson in 2016. (Compl. ¶ 20.) Johnson filed an I-130[2] visa petition on her behalf, and it was approved on August 22, 2018. (Id.) During the application process, Corona was required to "check in" with ICE every few weeks. (Id. ¶ 23.) On June 4, 2019, plaintiffs appeared at the Sacramento office of the United States Citizenship and Immigration Services to "check in," and Corona was taken into custody and shortly thereafter deported. (Id. ¶ 24.) Plaintiffs allege Corona was denied an opportunity to complete the I-130 process and challenge the execution of the BIA's removal order on three grounds: (1) denial of procedural

---

United States. 8 U.S.C. § 1182(c). Congress repealed Section 212(c) effective April 1, 1997. However, the Supreme Court decided in 2001 that the repeal does not apply to lawful permanent residents who pleaded guilty to a crime before April 1, 1997. I.N.S. v. St. Cyr, 533 U.S. 289, 325 (2001).

[2] An I-130 petition permits a citizen of the United States to sponsor an eligible relative's immigration to the United States. Filing or approving the petition does not give the relative any status in the United States, but instead allows the relative to apply to become a lawful permanent resident. I-130, Petition for Alien Relative, https://www.uscis.gov/i-130 (last visited Oct. 30, 2019).

3

due process under the Fifth Amendment, (2) denial of a full and fair hearing under the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"), and (3) removal was "arbitrary and capricious" in violation of the APA.

II. Jurisdiction

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (citing Ex parte McCardle, 7 Wall. 506, 514 (1868)). Plaintiffs bear the burden of establishing jurisdiction. Kokkonen, 511 U.S. at 377 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)).

Plaintiffs invoke this court's jurisdiction under 28 U.S.C. §§ 1331,[3] 1361,[4] and 1651[5] to challenge the execution of Corona's removal order. (Compl. at 2.) Yet Section 1252(g) of

---

[3] District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[4] District courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

[5] The All Writs Act provides "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

4

the INA explicitly strips courts of jurisdiction over any "cause or claim" that "aris[es] from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien," including claims brought under §§ 1361 and 1651.[6]  8 U.S.C. § 1252(g).

The jurisdiction-stripping provision only applies to the "limited subset of deportation claims" specified by the statute's plain language. Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 483 (1999). Plaintiffs' challenge to Corona's removal "aris[es] from" the decision to "execute [her] removal order" and comfortably fits within the statute's terms.  8 U.S.C. § 1252(g).  Accordingly, this court lacks jurisdiction and must dismiss the action.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction (Docket No. 5) be, and thereby is, GRANTED.  Plaintiffs' complaint (Docket No. 1) is DISMISSED.  The Clerk of Court shall enter final judgment in favor of all defendants.

Dated: October 30, 2019

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[6]    Congress transferred the Attorney General's immigration enforcement responsibilities to the Secretary of the Department of Homeland Security in 2002. See Clark v. Martinez, 543 U.S. 371, 375 n.1 (2005). Accordingly, references to "Attorney General" now refer to the Secretary of DHS and divisions of the Department. BIA decisions are binding on all DHS employees. 8 C.F.R. § 1003.1(g)(1).